UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ROSANNE DUBAY,                )
                              )
        Plaintiff             )
                              )
v.                            )    No. 1:13-cv-48-NT
                              )
CAROLYN W. COLVIN,            )
Acting Commissioner of Social Security,[1]  )
                              )
        Defendant             )

## REPORT AND RECOMMENDED DECISION[2]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing past relevant work or, alternatively, other work existing in significant numbers in the national economy. The plaintiff seeks reversal and remand on the basis that the administrative law judge made an inherently unreliable physical residual functional capacity ("RFC") determination. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 12) at 4-9.[3] I find no reversible error and, accordingly, recommend that the court affirm the decision.[4]

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), as amended January 1, 2013, which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on December 12, 2013, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.
[3] In her statement of errors, the plaintiff also contended that the administrative law judge erroneously failed to accord weight to the opinions of her mental health treating source, Thomas Earley, Ph.D. *See* Statement of Errors at 9-12. However, at oral argument, her counsel withdrew that point.
[4] The plaintiff filed SSD and SSI applications on January 24, 2006, alleging that she became disabled on August 31, 2004. *See* Record at 122-23. On January 25, 2008, her claims were dismissed for failure to appear at her hearing; however, on August 11, 2008, that decision was reversed by the Appeals Council, which ordered that, for good cause shown, she be afforded another opportunity for a hearing. *See id.* at 131-32, 135-36. An administrative law
(*continued on next page*)

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through June 30, 2008, Finding 1, Record at 25; that she had severe impairments of obesity, degenerative disc disease, chronic pain, alcohol dependence, and thickening of the fluid in the left acromial joint (left shoulder), Finding 3, *id.*; that she had the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), except that she could only occasionally climb and balance, Finding 5, *id.* at 28; that she was capable of performing past relevant work as a certified nurse's assistant ("CNA") and certified residential medical assistant ("CRMA"), which did not require the performance of work-related activities precluded by her RFC, Finding 6, *id.* at 34; that, in the alternative, she was capable of performing other jobs existing in the national economy in view of her age (49 years old, defined as a younger individual, on her alleged disability onset date, August 31, 2004), education (at least high school), work experience (work skills from past relevant work), and RFC, *id.* at 35; and that she, therefore, had not been under a disability from August 31, 2004, her alleged onset date of disability, through the date of the decision, June 22, 2011, Finding 7, *id.* at 36. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

---

judge held a hearing and issued an unfavorable decision dated January 29, 2010. *See id.* at 141-50. The plaintiff filed a new SSI application on March 24, 2010. *See id.* at 158. By decision dated September 24, 2010, the Appeals Council vacated the January 29, 2010, decision, consolidated the pending claims, and remanded the case for further proceedings. *See id.* at 157-59. The administrative law judge held a new hearing at which three people testified, the plaintiff, medical expert Thomas J. Tarnay, M.D., and vocational expert Warren D. Maxim, and issued the decision dated June 22, 2011, from which the plaintiff now appeals. *See id.* at 22, 36.

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

In the alternative, the administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the claimant's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The plaintiff argues that reversal and remand are required because the administrative law judge failed to explain, and it is not otherwise apparent, how her physical RFC finding is supported by substantial evidence. *See* Statement of Errors at 4-9. Specifically, she contends that the finding is not supported by the expert RFC opinion on which the administrative law judge purportedly relied and is not salvaged by the testimony of Dr. Tarnay at hearing. *See id*.

### A. Reliance on Agency Nonexamining Consultant's Opinion

As the plaintiff observes, *see* Statement of Errors at 5, the administrative law judge cited Exhibit 8F for the proposition that she was capable of performing medium work, *see* Record at 34. Yet Exhibit 8F, a physical RFC opinion dated October 4, 2006, by agency nonexamining

3

consultant Donald Trumbull, M.D., finds her capable only of light work. *See id*. at 481-88. In addition, the administrative law judge omitted certain nonexertional restrictions found by Dr. Trumbull (that the plaintiff could never climb ladders, ropes, or scaffolds, could only occasionally stoop, kneel, crouch, and crawl, and needed to avoid unprotected heights). *Compare* Finding 5, *id*. at 28 *with id*. at 483, 485.

At oral argument, the plaintiff's counsel conceded that, as argued by the commissioner, the administrative law judge's reference to Exhibit 8F is a scrivener's error, and it is clear that she meant to refer to Exhibit 5F, a physical RFC opinion dated May 24, 2006, by agency nonexamining consultant Robert Hayes, D.O. *See* Defendant's Opposition to Plaintiff's Itemized Statement of Specific Errors ("Opposition") (ECF No. 13) at 3; Record at 469-76.

Nonetheless, the plaintiff contends, the bases for the administrative law judge's RFC determination remain murky, given that:

1. She inexplicably omitted postural and reaching limitations assessed by Dr. Hayes despite purportedly giving his opinion "great weight." *See* Statement of Errors at 6; *compare* Finding 5, Record at 28 *with id*. at 471-72; *see also id*. at 34.

2. She failed to discuss the inconsistencies between the Hayes and Trumbull opinions. *See* Statement of Errors at 6-7; Record at 34.

3. She based her finding that the plaintiff was capable of medium work on the mistaken conclusion that "there ha[d] been no credible objective medical evidence submitted since [the Hayes] report was furnished [on May 24, 2006] that warrants finding greater functional limitations[,]" overlooking the fact that Dr. Trumbull subsequently found her capable only of light work. Statement of Errors at 7 (quoting Record at 34).

4

At bottom, the plaintiff argues, the administrative law judge committed reversible error by failing to adequately explain how she derived her RFC finding from the medical evidence of record. *See id*. at 5, 7; *see also Staples v. Astrue*, Civil No. 09-440-P-S, 2010 WL 2680527, at *3-*4 (D. Me. June 29, 2010) (rec. dec., *aff'd* July 19, 2010) (commissioner's counsel's argument that administrative law judge permissibly assessed claimant's mental RFC by crediting in part his subjective allegations, Veterans Administration disability ratings, and a mental status examination report "might have proved persuasive had the administrative law judge clarified how she derived the specific components of her RFC from these sources. But she did not."); *Seymour v. Barnhart*, No. 02-197-B-W, 2003 WL 22466174, at *4 (D. Me. Oct. 31, 2003) (rec. dec., *aff'd* Nov. 18, 2003) (administrative law judge "could not simply choose to ignore [the only expert mental RFC assessment of record], or pick and choose from it *sub silentio*, to craft an RFC").

This case is materially distinguishable from *Staples* and *Seymour* in that the administrative law judge explained that (i) she had considered all agency physicians' opinions of record (Exhibits 5F, 8F, 26F, and 30F), (ii) while they varied as to the degree of exertional limitation established by the record, they all were consistent with a finding of non-disability, and (iii) the Hayes opinion was "the most accurate reflection" of the plaintiff's RFC during the period at issue. Record at 34.

The administrative law judge cannot fairly be said to have mistakenly overlooked the Trumbull opinion in finding that, since the Hayes opinion, there had been no *credible* objective medical evidence submitted warranting a finding of greater restriction. While Dr. Trumbull assessed a greater degree of limitation, he noted that little objective medical evidence of record supported the plaintiff's claimed degree of symptomatology and that he had partially credited her

5

claims. *See id.* at 486. As the commissioner points out, *see* Opposition at 3-4, the only evidence that Dr. Trumbull reviewed that was unseen by Dr. Hayes was a July 3, 2006, note of a visit to Forrest West, M.D., a follow-up to a visit to Dr. West on March 24, 2006, that was noted by both Dr. Hayes and Dr. Trumbull, *compare* Record at 476 *with id*. at 488; *see also id*. at 479-80.

At oral argument, the plaintiff's counsel speculated that Dr. Trumbull limited the plaintiff to light work because the back pain that she reported to Dr. West on March 24, 2006, had not resolved by July 3, 2006, and back pain typically resolves very quickly in the vast majority of cases. Nonetheless, the plaintiff had reported to Dr. West during the March 2006 visit that she had a long history of back pain. *See id*. at 480. Dr. West's back-related findings on examination in July 2006 (some tenderness in her low back, in the LS area; straight leg raising negative while sitting) are not significantly different from those in March 2006 (diffuse low back tenderness, negative straight leg raising, and normal quad reflexes). *See id*. at 479-80.

Moreover, as the commissioner notes, *see* Opposition at 4, the longitudinal medical evidence of record included an even later physical RFC assessment by agency nonexamining consultant J.H. Hall, M.D., concluding that the plaintiff had established no physical limitations, *see* Record at 740-48 (Hall RFC opinion dated January 10, 2011).[5]

The commissioner concedes that, despite purporting to adopt the Hayes RFC opinion, the administrative law judge omitted to incorporate certain nonexertional limitations that he assessed. *See* Opposition at 4. However, she contends that any error is harmless given that the vocational expert identified one job, that of sandwich-board carrier, Dictionary of Occupational Titles (U.S. Dep't of Labor, 4th ed. rev. 1991) ("DOT") § 299.687-014, that is compatible with

---

[5] Although not mentioned by the commissioner, the record also contains a subsequent RFC assessment by Dr. Hayes, dated August 6, 2010, in which Dr. Hayes, like Dr. Hall, found that the plaintiff had established no physical limitations. *See* Record at 701-09. The administrative law judge noted that she had considered both Exhibit 26F (the 2010 Hayes RFC opinion) and Exhibit 30F (the Hall opinion). *See id*. at 34.

those restrictions, as well as all restrictions set forth by Dr. Trumbull. *See id*. at 5. It is a light job, requires no climbing, balancing, stooping, kneeling, crouching, or crawling, requires only occasional reaching, and entails no exposure to unprotected heights. *See* DOT § 299.687-014.

At oral argument, when questioned why the commissioner's harmless error argument was not dispositive, the plaintiff's counsel contended that, if his client was limited to light work, she should have been deemed disabled pursuant to the so-called "Grid," Appendix 2 to 20 C.F.R. Part 404, Subpart P, given that she was 56 as of the time of the decision.

Counsel for the commissioner rejoined that (i) the mere fact that the vocational expert identified a light job that a person with the plaintiff's RFC could perform did not entitle the plaintiff to the benefit of a Grid rule pertaining to claimants with a maximum capacity for light work, when the administrative law judge found her capable of medium work, and (ii) the plaintiff made no argument in her statement of errors that the administrative law judge should have assigned greater weight to the Trumbull than the Hayes opinion with resulting Grid implications and, hence, waived that point.

The gravamen of the plaintiff's complaint, as set forth in her statement of errors, is that the administrative law judge failed to adequately explicate her physical RFC finding, as a result of which it cannot be determined to be supported by substantial evidence. *See* Statement of Errors at 5, 7. The plaintiff did not argue that the Hayes RFC opinion could not stand as substantial evidence of her physical RFC or that she should have been found limited to light work and, accordingly, deemed disabled pursuant to the Grid. *See id*. at 4-9. These arguments, hence, are waived. *See, e.g., Farrin v. Barnhart,* No. 05–144–PH, 2006 WL 549376, at *5 (D. Me. Mar. 6, 2006) (rec. dec., *aff'd* Mar. 28, 2006) ("Counsel for the plaintiff in this case and the Social Security bar generally are hereby placed on notice that in the future, issues or claims not

7

raised in the itemized statement of errors required by this court's Local Rule 16.3(a) will be considered waived and will not be addressed by this court.") (footnote omitted).

As counsel for the commissioner persuasively argued, an administrative law judge's reliance on vocational testimony that a claimant is capable of performing a light job does not entitle that claimant to the benefit of a Grid rule pertaining to a maximum capacity for light work in circumstances in which the claimant has been found capable of performing medium work. By definition, a person found capable of performing medium work is also deemed capable of performing light and sedentary work. *See* 20 C.F.R. §§ 404.1567(c), 416.967(c) ("If someone can do medium work, we determine that he or she can also do sedentary and light work.").

"This court has routinely held that a single job available in significant numbers in the national economy is sufficient to meet the commissioner's burden at Step 5." *Dana v. Astrue*, Civil No. 09-514-BW, 2010 WL 3397465, at *3 (D. Me. Aug. 24, 2010) (rec. dec., *aff'd* Sept. 13, 2010). Any error in omitting restrictions identified by Dr. Hayes, accordingly, is harmless.[6]

### B. Dr. Tarnay's Testimony at Hearing

The plaintiff next argues that Dr. Tarnay's hearing testimony does not salvage the administrative law judge's physical RFC finding in that Dr. Tarnay:

1. Supported a finding that the plaintiff was limited to light, rather than medium, exertional level work, *see* Statement of Errors at 8; Record at 84-85;

---

[6] The plaintiff suggests that, to the extent that the administrative law judge omitted restrictions found by agency consultants, she committed the further error of determining RFC based on her own lay interpretation of the raw medical evidence. *See* Statement of Errors at 7-8; *Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) (although an administrative law judge is not precluded from "rendering commonsense judgments about functional capacity based on medical findings," he or she "is not qualified to assess residual functional capacity based on a bare medical record"). Any such error is likewise rendered harmless by the administrative law judge's reliance on the vocational expert's identification of jobs that are compatible with the omitted restrictions.

8

2. Testified that, while he could not be specific regarding the repetitive use of the plaintiff's shoulder, some limitation against its repetitive use would be "reasonably consistent" with her impairment, Statement of Errors at 8 (quoting Record at 86); and

3. Testified that the plaintiff's impairment of anal tags can cause itching and pain and, unless removed, can be distracting, in line with the plaintiff's testimony that the condition caused her pain and discomfort approximately once a month for two days. *See* Statement of Errors at 9; Record at 87.

As the commissioner observes, *see* Opposition at 6, the administrative law judge relied at Step 5 on the plaintiff's ability to perform light jobs, *see* Record at 35-36, 95-96, consistent with Dr. Tarnay's testimony. As she further observes, *see* Opposition at 6-7, with respect to the plaintiff's shoulder, Dr. Tarnay actually testified that a limitation to work "within the light work classification . . . would be reasonably consistent" with a need for restrictions stemming from persistent or periodic pain with use of the plaintiff's shoulder, Record at 86. He was equivocal regarding any need for further limitations. *See id.* (testifying, in response to question of whether there would be further limits as to repetitive use of the arm, "There might be but there almost might not be. I don't think we have enough information to say.").

With respect to the plaintiff's impairment of anal skin tags, the commissioner correctly points out that, while Dr. Tarnay testified that the condition could be a nuisance, he never indicated that it imposed particular work restrictions. *See* Opposition at 7; Record at 87. The plaintiff relies, instead, on her own testimony that the condition became a distraction to her once a month for two to three days. *See* Record at 79-80. However, "[i]f the applicant has not submitted any medical evidence to support a more restricted residual functional capacity than that assigned by the administrative law judge, he or she is not entitled to a remand merely

9

because the administrative law judge made a determination on the basis of what evidence was available to him or her." *Gonsalves v. Astrue*, Civil No. 09-181-BW, 2010 WL 1935753, at *6 (D. Me. May 10, 2010) (rec. dec., *aff'd* June 16, 2010). In any event, as the commissioner notes, *see* Opposition at 7, both Dr. Hayes and Dr. Trumbull considered the plaintiff's closely-related impairment of anal fissure in assessing her RFC, *see* Record at 476, 488.

Consideration of Dr. Tarnay's testimony, hence, does not require reversal and remand.

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of December, 2013.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge